■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS FERNANDEZ, Appellant.

By motion dated April 26, 1986, the defendant moved to suppress identification testimony on the grounds that police had arranged an unduly suggestive showup. The answering papers of the prosecutor asserted that there was no police arranged showup. These papers further indicated that defendant had been identified by one witness at the point where the car in which defendant was fleeing was stopped by the police. He was identified by another witness in an allegedly spontaneous manner at the police station.

At the time, CPL 710.60 required the defendant to allege facts in support of the grounds of a motion to suppress identification testimony. As of November 1, 1986, the statute was charged to eliminate this requirement. In addition, *People v Riley* (70 NY2d 523 [1987]) now requires the suppression of showup identifications made at police stations unless there are

exigent circumstances. Accordingly, in the interest of justice, we hold the appeal in abeyance and remand for a *Wade* hearing. Concur—Murphy, P. J., Sullivan, Milonas, Ellerin and Smith, JJ.